UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

RUSSELL CROFT,
    Plaintiff,

-vs-

                    Case No.
                    Hon.
                    **DEMAND FOR JURY TRIAL**

ROTECH HOLDINGS, LTD. and
JOHN DOE,
    Defendants.

## COMPLAINT & JURY DEMAND

*Russell Croft states the following claims for relief:*

## Jurisdiction

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

2. This Court may exercise supplemental jurisdiction over the related state-law claims arising out of the same nucleus of operative facts which give rise to the federal-law claims.

## Parties

3. The Plaintiff to this lawsuit is Russell Croft, who resides in Macomb County, Michigan.

4. The Defendants to this lawsuit are:

    a.    Rotech Holdings, LTD ("RH"), which is a foreign company doing

business in Michigan, with its principal place of business in Orchard Park, New York; and

b. John Doe, who is an unknown employee and/or agent of RH.

## Venue

5. The transactions and occurrences that gave rise to this action occurred in Macomb County, Michigan.

6. Venue is proper in the Eastern District of Michigan.

## General Allegations

7. Prior to January 22, 2015, RH was engaged to collect a debt allegedly owed by Mr. Croft to another entity; alternatively, prior to January 22, 2015, RH purchased a debt that Mr. Croft allegedly owed to another entity.

8. Prior to January 22, 2015, RH communicated with Mr. Croft for the first time.

9. RH's first communicated with Mr. Croft by a telephone call from Mr. Doe (on behalf of RH) to Mr. Croft.

10. Mr. Doe told Mr. Croft that he must pay the alleged debt on that day or else he would be sued and a judgment would be entered against him.

11. As of the date of this Complaint, RH has not sued Mr. Croft.

12. RH never intended to sue Mr. Croft, but rather intended to intimidate Mr. Croft into paying the alleged debt to RH.

13. The statements, tone and general demeanor of Mr. Doe intimidated Mr. Croft and instilled a fear in him that continued long after the telephone conversation ended.

14. As a direct consequence of Mr. Doe's intimidation of Mr. Croft, Mr. Croft ultimately agreed to allow RH to electronically withdraw money from his checking account.

15. Mr. Croft provided RH with his account number to allow RH to make electronic withdrawals from his checking account.

16. RH made the following electronic withdrawals from Mr. Croft's checking account:

    a. $70.00 on January 23, 2015;

    b. $159.11 on January 24, 2015; and

    c. $300.00 on March 6, 2015.

17. But for Mr. Doe's intimidation of Mr. Croft, Mr. Croft would not have allowed RH to withdraw any money from his checking account.

18. Subsequent to March 6, 2015, Mr. Croft withdrew his consent to allow RH to withdraw any money from his checking account.

## COUNT I – Fair Debt Collection Practices Act

19. Mr. Croft incorporates the preceding allegations by reference.

20. At all relevant times, RH – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

21. RH is a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6).

22. Mr. Doe is a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6).

23. At all times relevant, RH and Mr. Doe sought to collect a "consumer" debt from Mr. Croft.

24. RH's and Mr. Doe's actions to collect this alleged debt from Mr. Croft violated the provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§ 1692d, 1692e and 1692g.

25. Mr. Croft suffered damages as a result of these violations of the FDCPA.

## COUNT II – Michigan Occupational Code, as alternative to claims under the Michigan Collection Practices Act

26. Mr. Croft incorporates the preceding allegations by reference.

27. RH is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

28. Mr. Doe is a "collection agency" as that term is defined in the MOC, M.C.L. § 339.901(b).

29. Mr. Croft is a debtor as that term is defined in M.C.L. § 339.901(f).

30. RH's and Mr. Doe's actions to collect from Mr. Croft violated the MOC, including, but not limited to M.C.L. §§ 339.915 and 339.918.

31. Mr. Croft suffered damages as a result of these violations of the MOC.

32. These violations of the MOC were willful.

### COUNT III – Michigan Collection Practices Act as alternative to claims under the Michigan Occupational Code

33. Mr. Croft incorporates the preceding allegations by reference.

34. RH is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

35. Mr. Doe is a "regulated person" under the MCPA, M.C.L. § 445.251(g)(xi).

36. RH's and Mr. Doe's actions to collect from Mr. Croft violated the MCPA, including, but not limited to M.C.L. § 445.252.

37. Mr. Croft suffered damages as a result of these violations of the MCPA.

38. These violations of the MCPA were willful.

### Demand for Jury Trial

39. Mr. Croft demands trial by jury in this action.

### Demand For Judgment for Relief

40. *Accordingly, Mr. Croft requests that the Court grant:*

    a. *Actual damages for items including emotional distress, mental anguish,*

*frustration, humiliation, and embarrassment.*

b.   *Statutory damages.*

c.   *Treble damages.*

d.   *Statutory costs and attorney fees.*

                          Respectfully Submitted,

                          LYNGKLIP & ASSOCIATES
                          CONSUMER LAW CENTER, PLC

                          By:  /s/ Carl Schwartz
                          Carl Schwartz (P-70335)
                          Attorney for Russell Croft
                          24500 Northwestern Highway, Suite 206
                          Southfield, Michigan 48075
                          (248) 208-8864
                          Carl@MichiganConsumerLaw.Com

Dated: July 28, 2015